NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHANI NUSSBAUM,

                Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

                Defendant.

Civ. No. 15-600

OPINION

THOMPSON, U.S.D.J.

       This matter appears before the Court on Defendant Diversified Consultants, Inc.'s motion for a stay of proceedings pending appeal.  (Doc. No. 20).  Plaintiff Chani Nussbaum opposes the motion.  (Doc. No. 22).  The Court has decided the motion after considering the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons given below, Defendant's motion is denied.

### BACKGROUND

       This case involves alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  The TCPA prohibits the use of an automatic telephone dialing system ("ATDS") to place calls to a cell phone number without the called party's prior, express consent.  47 U.S.C. § 227.  Plaintiff alleges that Defendant, a debt collector, called her cell phone number 258 times throughout the years 2013 and 2014 through the use of an automated telephone dialing system called Livevox.  (Doc. Nos. 1, 22).  Plaintiff alleges that she did not give Defendant prior, express consent to call her cell phone number, and that she repeatedly

1

directed Defendant to stop calling her.  (Doc. No. 1).  Consequently, Plaintiff alleges that

Defendant's behavior violated the TCPA.  (*Id.*).

Plaintiff filed her complaint on January 29, 2015.  (*Id.*).  Defendant filed a corrected

answer on May 1, 2015.  (Doc. No. 10).  A settlement conference was held on August 19, 2015,

but following the failure of the parties to reach an agreement, the Court entered an order

scheduling the closure of fact discovery for September 30, 2015.  (Doc. No. 17).  At the request

of the parties, the Court extended the closure of fact discovery to October 30, 2015 to

accommodate the scheduling of Defendant's deposition.  (*Id.*).  On September 9, 2015,

Defendant filed the present motion seeking a stay of the proceedings pending appeal of the

Federal Communications Commission's Order to the United States Court of Appeals for the

District of Columbia Circuit, *ACA International v. Federal Communications Commission*, No.

15-1211 (D.C. Cir. filed July 10, 2015), a case in which Defendant is an intervenor.  (Doc. Nos.

20, 21).

*ACA International* appeals a recent regulatory order by the Federal Communications

Commission ("FCC") determining that equipment can be considered an automated telephone

dialing system for purposes of the TCPA even if the equipment does not currently or presently

have the capacity to dial numbers using a random or sequential number generator.  Defendant

argues that the resolution of *ACA International* will have a dispositive effect on one of the

principal issues in the present case, whether Defendant's Livevox technology constitutes an

automatic telephone dialing system, because *ACA International* concerns an expansion of the

definition of an automatic telephone dialing system.  (Doc. No. 20).  Plaintiff argues that the

resolution of *ACA International* will not have a dispositive effect on the present case, because

2

even if Defendant wins that case, Defendant's Livevox technology would still be considered an automatic telephone dialing system under the prior definition of the term.  (Doc. No. 22).

DISCUSSION

A.  Legal Standard

The power to stay a proceeding pending appeal is derived from the inherent power of a court to efficiently manage its own docket.  *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 541-42 (D.N.J. 2008) (citing *Landis v. North American Co.,* 299 F. Supp. 248, 254–55 (1936)).  Determining whether to stay an action requires the court to balance competing interests, including

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (internal citations and quotation marks removed).  Where a stay is sought pending resolution of purportedly related litigation, as here, courts consider whether resolution of the related litigation would substantially impact or otherwise render moot the present action.  *Id.* at 446-47 (citing *Bechtel Corp. v. Local 215, Laborers' Int'l Union,* 544 F.2d 1207, 1215 (3d Cir. 1976); *Rodgers v. U.S. Steel Corp.,* 508 F.2d 152, 162 (3d Cir. 1975)).  A stay is considered an extraordinary remedy, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of the Court's discretion.  *Conestoga Wood Specialities Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013); *Akishev*, 23 F. Supp. 3d at 449 (citing *Nken v. Holder,* 556 U.S. 418, 433–34 (2009); *Landis,* 299 U.S. at 255)).

B.  Analysis

With respect to the first factor, the Court considers whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  Because delay results inherently from the issuance of a stay, courts have found that "'mere' delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014); *see also Stryker Trauma S.A. v. Synthes (USA)*, No. 01-3879, 2008 WL 877848, at *2 (D.N.J. Mar. 28, 2008) (noting that delay is not a dispositive issue as it is common to all stayed cases).  Here, Plaintiff has pleaded no undue prejudice except for suffering delayed judicial resolution.  Therefore, this factor weighs in favor of granting a stay.

With respect to the second factor, the Court considers whether denial of the stay would create a clear case of hardship or inequity for the moving party.  Defendant focused on the hardship it would face if it loses *ACA International*, but did not assert any hardship that it would face if the stay in this case is not granted, beyond avoiding "unnecessary discovery and motion practice."  (Doc. No. 21, Def.'s Br., at 6).  Therefore, Defendant has not made out a clear case of hardship, and this factor weighs against granting a stay.

With respect to the third factor, the Court considers whether a stay would simplify the issues and the trial of the case.  Defendant argues that the resolution of *ACA International* will settle whether Defendant's Livevox technology constitutes an automatic telephone dialing system, a principal issue in this case, thus serving judicial economy and avoiding unnecessary discovery and motion practice.  Plaintiff argues that the resolution of *ACA International* will not affect this case, because Defendant's Livevox technology constitutes an automatic telephone dialing system under either the previous or the new definition of the term being litigated in *ACA*

*International*.  As evidence, Plaintiff points to the definition clarified by FCC orders from 2003 and 2008, which are not on appeal in *ACA International*, and two prior cases that Plaintiff claims collaterally estop Defendant from claiming that Livevox technology is not an automatic telephone dialing system.  Given that many of the relevant issues in the case before this Court fall outside the ambit of *ACA International*, the resolution of *ACA International* seems unlikely to significantly simplify the issues before this Court or to substantially impact the outcome of the litigation.  Therefore, this factor weighs against granting a stay.

With respect to the fourth factor, the Court considers whether discovery is complete and/or a trial date has been set.  Defendant argues that this motion is being filed at the early onset of the case, but Plaintiff notes that discovery has been nearly completed, with only Defendant's deposition standing between the parties and the close of discovery.  The motion to stay was filed on September 9, 2015, after both parties had engaged in significant production and only three weeks before the initial date for the closure of discovery.  Courts have typically denied requests for a stay where the parties were "deep" into discovery or discovery had almost been completed.  *See Brass Smith, LLC v. RPI Indus., Inc.*, No. 09-06344, 2010 WL 4444717, at *6 (D.N.J. Nov. 1, 2010).  Thus, this factor weighs against granting a stay.

Given that three of the four factors weigh against granting a stay, Defendant has not shown that the circumstances justify granting the extraordinary remedy of a stay.  Therefore, Defendant's motion will be denied.

CONCLUSION

For the reasons set forth above, Defendant's motion to stay will be denied.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

5